*1021 This is a "direct access” contractor’s appeal under 41 U.S.C. §609 and ff. Both parties move for summary judgment. Plaintiff was awarded a contract to plant trees in Gifford Pinchot National Forest in close proximity to Mount St. Helens. The first activity of the supposedly dormant volcano commenced after award but before plaintiff commenced work. Work continued during earlier minor eruptions, but on May 18, 1980, occurred the celebrated major eruption, which spread volcanic ash over the work site. Thereafter parts of the work site were accessible to plaintiff under restricted conditions and access to other parts was prohibited. Plaintiff completed about 70 percent of the contract work, for which defendant has paid the contract price, waiving delays in some areas, and the omission of some 30 percent of the work. Plaintiff claimed an equitable adjustment either under the termination for convenience clause or under "differing site conditions,” i.e.:
(1) Subsurface or latent physical conditions at the site differing materially from those indicated in the contract, or
(2) Unknown physical conditions at the site, of an unusual nature, differing materially from those ordinarily encountered and generally recognized as inhering in work of the character provided for in this contract.
The contracting officer refused to make any adjustment, and this suit followed.
We are unable to state that interference with the work by a volcanic eruption is not and never can be compensable for added cost by an adjustment under the second changes clause quoted above. The contracting officer seems to have supposed that the Armed Services Board of Contract Appeals in Hardeman-Monier-Hutcherson, ASBCA No. 12392, 68-2 B.C.A. (CCH) ¶7220, held that severe weather and other "Acts of God” are outside the clause. But in our review, affirming the result, we held we could not decide under so sweeping a rule of exclusion. Hardeman-Monier-Hutcherson v. United States, 198 Ct. Cl. 472, 486, 458 F.2d 1364, 1371 (1972).
The claim does appear to be outside the termination article and the first changes clause. Defendant is not *1022 alleged to have made any representations to bidders as to the dormancy of Mount St. Helens.
If we were to hold for plaintiff, therefore, we would need clear-cut fact findings answering the questions naturally raised by the second changes clause and the numerous adjectives, adverbs, and participles making it up.
Therefore, both motions for summary judgment are denied and the cause is remanded to the trial division for further proceedings.
IT IS SO ORDERED.
On August 18, 1982 the petition was dismissed pursuant to Rule 102(a)(l)(ii).